[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10007

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WALTER                KENNETH                RATHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:22-cr-00017-LAG-TQL-1

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Walter Kenneth Rathel appeals his sentence of 108 months' imprisonment for possession of child pornography, contending that it was substantively unreasonable. Rathel argues that the sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing factors identified in 18 U.S.C. 3553(a).[1] We find no merit in Rathel's arguments and accordingly affirm.

## I. Background

In March 2021, a Homeland Security Investigations (HSI) undercover agent monitored a Kik account previously linked to an individual suspected of pursuing sexual activity with minors. A Kik user shared a link to a group named "you.ng girls," containing files with child pornography. HSI agents acquired details for an account associated with that link, including an email address, an IP address, and the name Ray Rathel. The IP address was traced back to an

---

[1] These factors include (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; (5) the Guidelines range; (6) the kinds of sentences available; (7) the need to avoid sentencing disparities among similar defendants who have been found guilty; and (8) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a).

address in Donalsonville, Georgia, where Walter Kenneth Rathel resided.

In July 2021, law enforcement searched Rathel's residence and found two cell phones. A forensic search of them revealed forty-nine images and 139 videos of child pornography, including videos of females that appeared to be between the ages of six and ten. Rathel admitted to agents that he viewed child pornography, was attracted to girls between the ages of ten to twelve, had paid for access to child pornography via the mobile app Telegram, and had instructed underage girls in the past to get naked on the Facecast app. He also admitted that he had touched a minor's breasts in the past.

Rathel was charged with one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and subsequently pleaded guilty to that charge.

The presentence investigation report prepared by the probation officer calculated a total offense level of thirty and a criminal history category of I. Based on the offense level of thirty and the criminal history category of I, the guideline imprisonment range was 97 to 121 months. The statutory maximum term of imprisonment was 240 months. Neither party objected.

Rathel asked for a sixty-month imprisonment sentence. Based on a forensic psychological evaluation, he argued that his "personality and cognition" were markedly affected by a stroke, causing "significantly impaired" judgment and chronic depression. He expressed remorse for his conduct and recognized the harm to

his family and the victims.  He argued that a sixty-month sentence would provide adequate punishment because he was a productive member of society before his stroke, did not have any criminal history, and that the sentence would allow him to obtain treatment while under supervision.  He also argued that this sentence would be within the range of sentences received by similarly situated defendants.

During the sentencing hearing, the District Court stated that it had reviewed the presentence investigation report, the sentencing memorandum and attached evaluation, and the victim impact statements.  In imposing the sentence, the court said it considered the Sentencing Guidelines and the § 3553(a) sentencing factors.  The court recognized that Rathel had emotional issues and depression and took those into account.  The court then spoke at length about the victim impact statements, noting how the victims described the ongoing harm to them whenever someone views or shares the material, how they cannot use social media, and how they have been stalked and live in fear.

The District Court stated that this was a "very serious crime."  Rathel not only distributed child pornography but also "created" it on video calls and touched girls in person.  The court ultimately decided that despite Rathel's emotional, mental, and physical health issues, these other factors "[took] this case outside of the realm of a variance."  The District Court sentenced Rathel to 108 months' imprisonment followed by ten years of supervised

release.  Rathel objected to the substantive reasonableness of the sentence.

## II. Discussion

On appeal, Rathel argues that his 108-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing factors identified in 18 U.S.C. § 3553(a).  We review a sentence's substantive reasonableness for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).  "The party challenging the sentence bears the burden to show that the sentence is unreasonable considering the record and the § 3553(a) factors."  *United States v. Melgen*, 967 F.3d 1250, 1264–65 (11th Cir. 2020).

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Irey*, 612 F.3d at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc) (Birch, J., dissenting)). The proper factors are set out in 18 U.S.C. § 3553(a).  These include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a).

A sentence is only substantively unreasonable if it leaves this Court "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (quoting *Irey*, 612 F.3d at 1190), *cert. denied*, 143 S. Ct. 412, 214 L. Ed. 2d 205 (2022). This Court has stated that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quoting *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), abrogated on other grounds by *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007)). Indeed, a district court may attach great weight to any single factor or combination of factors. *See United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). When determining the defendant's sentence, a district court may consider any relevant information on the defendant's background, character, and conduct. *See United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010).

Furthermore, although not automatically presumed, a sentence within the guideline range is ordinarily expected to be reasonable. *United States v. Castaneda*, 997 F.3d 1318, 1332 (11th Cir. 2021). Likewise, a sentence far below the statutory maximum also indicates that it was reasonable. *Id.*

Here, considering the totality of the circumstances, the District Court did not abuse its discretion in imposing Rathel's

sentence. The court properly considered the Guidelines and the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

While Rathel argues that the District Court did not give proper weight to the mitigating factors, the court acknowledged the emotional, mental, and physical health issues from which Rathel suffered and stated that it considered those characteristics. The court also stressed the seriousness of the offense conduct and emphasized the victim impact statements that described the ongoing harm suffered by the victims of electronically distributed child pornography. Further, as part of the defendant's history and characteristics factor, the court considered the fact that Rathel created pornography by interacting with young girls via internet video calls and that he touched girls in person.

Rathel's contention that the District Court did not give significant weight to the mitigating factors he cited regarding his history and characteristics and lack of criminal history fails because the court had broad discretion to decide how to weigh these factors. *See Overstreet*, 713 F.3d at 638. The court properly exercised its discretion to give more weight to the seriousness of the offense conduct and Rathel's history of physical and virtual interactions with young girls than to the mitigating factors Rathel cited.

Moreover, Rathel's 108-month sentence was within the guideline range and well below the statutory maximum sentence

8                    Opinion of the Court                    23-10007

of 240 months, further indicating that the sentence was substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**